UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60428-CIV-JORDAN

MICHAEL BIGGS            )
                         )
     Petitioner          )          **CLOSED**
                         )          **CIVIL**
vs.                      )          **CASE**
                         )
WALTER MC NEIL           )
                         )
     Respondent          )
_____)

### ORDER DENYING HABEAS PETITION AND CLOSING CASE

Following a de novo review of the record, including Mr. Biggs' objections [filed November 19, 2008], I adopt the report and recommendation issued by Magistrate Judge White [D.E. 23].

Mr. Biggs was convicted in February of 2007 of the following offenses by a Florida jury: a substantive RICO offense; conspiracy to violate the RICO statute; second-degree theft; third-degree theft; and first-degree theft. The trial court sentenced him to 116 months of imprisonment. Mr. Bigg's direct appeal is currently pending in Florida's Fourth District Court of Appeal.

In his habeas corpus petition, Mr. Biggs challenges only the failure of the state courts to grant him bond pending appeal. As Magistrate Judge White correctly concluded, Mr. Biggs is not entitled to habeas relief on this claim. First, as Mr. Biggs acknowledges, there is no federal constitutional right to bond pending appeal following a conviction, and the federal courts, absent "exceptional circumstances," will not interfere with the bond decisions of state courts. *See, e.g., Ballard v. Texas,* 438 F.2d 640, 640-41 (5th Cir. 1971); *Grech v. Purdy,* 426 F.2d 304, 305 (5th Cir. 1970). As a result, a state may decide to deny bond pending appeal as a matter of law in certain cases. Second, the state courts' denial of bond to Mr. Biggs was not arbitrary and did not deny him due process. Mr. Biggs was convicted of serious offenses, and sentenced to almost 10 years in prison. Furthermore, Mr. Biggs has over a dozen prior felony convictions. Though those convictions are from some time ago ( from 1988-1990), the Florida Legislature had the power to enact Fla. Stat. § 903.132(1) (denying

bond pending appeal if, among other things, defendant has prior felony conviction and has not had civil rights restored). The trial court explained that it did not have discretion to grant Mr. Biggs bond pending appeal, and given his ineligibility for bond as a matter of law, the trial court was not constitutionally required to hold an evidentiary hearing (or any other hearing) on Mr. Biggs' motion for bond.

Simply put, this is not one of those exceptional cases where federal interference with a state court bond decision is warranted. *See Grech,* 426 F.2d at 305 (affirming denial of habeas relief to petitioner who sought bond pending appeal, where petitioner had been convicted of robbery, breaking and entering, and aggravated assault, and sentenced to 15 years in prison).

Accordingly, Mr. Biggs' habeas corpus petition is denied. This case is closed.

Done and ordered in chambers at Miami, Florida, this 25th day of November, 2008.

_____
Adalberto Jordán
United States District Judge

Copies to Magistrate Judge White, counsel of record, and Michael Biggs, pro se, DC # 428825, Taylor Correctional Inst., 8515 Hampton Springs Road, Perry, FL 32348.